**FILED**

FEB 1 0 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KAREEMAH BELL-BOSTON,        )
                            )
            Plaintiff,       )
                            )
    v.                       )        Civil Action No. **09  0257**
                            )
NATIVITY HOMELESS SHELTER,    )
                            )
            Defendant.       )

## MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's application for leave to proceed *in forma pauperis* and *pro se* complaint. The application will be granted but the complaint will be dismissed.

Plaintiff alleges that, on January 5, 2009, she was using a bathroom at a homeless shelter when another person "tried to kick the door in because [Plaintiff] made it to the restroom before her." Compl. at 2. Plaintiff is "seeking a trial date, for on-going harassment by selected homeless women in the District of Columbia shelters." *Id.* She demands no other relief.

Federal district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. In addition, federal district courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000, and is between citizens of different states. *See* 28 C.F.R. §1332(a). The facts alleged do not appear to raise a federal question, and plaintiff does not state a statutory or other basis for federal court jurisdiction. Further, plaintiff does not establish diversity jurisdiction. It appears that the parties do not reside or conduct business in different districts and, absent a claim for damages, the Court cannot determine whether the matter in controversy exceeds $75,000. For these reasons, the



3

complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

_____
United States District Judge

Date: Jan. 27, 2009